NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWARD ODQUINA,

        Plaintiff-Appellant,

    v.

CITY AND COUNTY OF HONOLULU, a
municipal corporation; HOLLY T.
SHIKADA, Esquire, Deputy Assistant
Attorney General, in her Official Capacity as
the Attorney General of the State of Hawaii,

        Defendants-Appellees.

No.    22-16844

D.C. No.
1:22-cv-00407-DKW-WRP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
Honolulu, Hawaii

Before:  BADE, BUMATAY, and SANCHEZ, Circuit Judges.

    Appellant Edward Odquina appeals an order from the district court denying

a motion for preliminary injunction and a temporary restraining order.  We have

jurisdiction under 28 U.S.C. § 1292 and affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We assume without deciding that license plates bearing customized alphanumeric inscriptions—commonly known as vanity plates—fall outside the government-speech doctrine as explained in *Walker v. Texas Division, Sons of Confederate Veterans*, 576 U.S. 200 (2015), and are properly analyzed as nonpublic forums. We conclude the district court's denial was proper because the relevant restrictions are not viewpoint based. *See Mitchell v. Md. Motor Vehicle Admin.*, 148 A.3d 319, 337 (Md. 2016).

The government may restrict speech in nonpublic forums so long as such restrictions are reasonable in light of the forum's purpose and are viewpoint neutral. *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 806 (1985). Odquina does not contest the district court's conclusion that Hawaii's prohibition on the use of vulgar language on vanity plates is reasonable. It is also undisputed that Odquina's license plate was recalled solely for the use of an implied vulgarity and not because of the plate's overall message.

Odquina contends that using profanity or vulgar language is a viewpoint that may not be constitutionally abridged. The district court properly concluded that Odquina's challenge went to the content of his message, rather than its viewpoint, and that such content-based restrictions are constitutionally permissible. And Odquina's arguments to the contrary here rely on a misreading of precedent. For example, his invocation of a line of cases involving criminal statutes does not

2

support the proposition that vulgarities are constitutionally protected in all circumstances. *See Cohen v. California*, 403 U.S. 15, 18–23 (1971) (acknowledging that the First Amendment has "never been thought to give absolute protection to every individual to speak whenever or wherever he pleases or to use any form of address in any circumstances that he chooses" but overturning conviction of protestor for wearing a jacket containing an obscenity); *Eaton v. City of Tulsa*, 415 U.S. 697, 698 (1974) (per curiam) ("Th[e] single isolated usage of street vernacular, not directed at the judge or any officer of the court, cannot constitutionally support the conviction of criminal contempt."); *Rosenfeld v. New Jersey*, 408 U.S. 901 (1972) (remanding in light of *Cohen*).

Moreover, Odquina's reliance on authorities invalidating overly broad statutes that would impermissibly restrict constitutionally protected speech is misplaced; these authorities are inapposite given the relatively narrow scope of the regulations here. *See Lewis v. City of New Orleans*, 415 U.S. 130, 132–34 (1974) (finding city's prohibition on "obscene or opprobrious language toward or with reference to any member of the city police while in the actual performance of . . . duty" was overly broad because it impermissibly reached protected speech); *accord Hess v. Indiana*, 414 U.S. 105, 107–08 (1973) (per curiam).

Because the relevant regulations are reasonable and do not restrict messages based on their viewpoint, they are constitutionally permissible, and we affirm the

district court's denial of Odquina's request for a preliminary injunction and temporary restraining order.

**AFFIRMED.**

4